IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the States of ARKANSAS, COLORADO, ILLINOIS, INDIANA, LOUISIANA, NEW MEXICO, OKLAHOMA, TENNESSEE, and TEXAS *ex rel.* MICHAEL CARTER,<br><br>         Plaintiffs,<br><br>v.<br><br>EMERGENCY STAFFING SOLUTIONS, INC.; HOSPITAL CARE CONSULTANTS, INC.,<br><br>         Defendants. | Civil Action No. 3:19-cv-01238-E |

## UNITED STATES' STATEMENT OF INTEREST REGARDING DEFENDANTS' MOTION TO DISMISS

The United States of America respectfully submits this Statement of Interest pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, and 28 U.S.C. § 517[1] to address Defendants' assertions in their Motion to Dismiss regarding: (1) the significance of the government's decision not to intervene in this *qui tam* action; and (2) the allegations necessary to establish the element of intent under the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b(b). ECF No. 44. *First*, Defendants assert that the

---

[1] Although the United States has not intervened in this action, it remains the real party in interest, entitled to share in any recovery that may be obtained. *See* 31 U.S.C. § 3730(d); *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 934 (2009). Because the FCA is the United States' primary civil tool for prosecuting fraud against the government, the United States also has a substantial interest in the development of law in this area. *See United States ex rel. Doe v. Staples, Inc.*, 773 F.3d 83, 84 (D.C. Cir. 2014) (*citing* S.Rep. No. 99–345, at 2, 4 (1986)).

Court should consider the United States' decision not to intervene in this *qui tam* case as evidence that the government "found" that Defendants did not violate the FCA, AKS, and the Stark Law, 42 U.S.C. § 1395nn. *Id*. at 2–3. But the United States' decision not to intervene in this case—or any case—does not mean that the United States found that Defendants did not violate the FCA, AKS, or Stark. *Second*, Defendants' Motion seems to suggest that the AKS prohibits the offering or paying of remuneration only where the sole or unequivocal purpose of the payment is to induce referrals. *Id.* at 8–9. But to the contrary, and as Defendants elsewhere acknowledge in the Motion, an individual or entity violates the AKS even where only "one purpose" of the alleged remuneration is to induce referrals. *See id*. at 8. The United States addresses each point herein but takes no position on any other issue raised in the Motion or whether dismissal should be granted or denied.

## I. Argument and Authorities

**1. The government's decision not to intervene does not mean the United States determined that the Defendants did not violate the FCA, AKS, or Stark.**

Defendants assert that the Court should consider the United States' decision not to intervene in this *qui tam* as evidence that Relator's allegations regarding violations of the FCA, AKS, and Stark are unfounded. Motion at 2–3. But the United States' decision not to intervene in this case—or any case—does not mean that the United States found that Defendants did not violate the FCA, AKS, or Stark, and it should not give rise to any inferences regarding the merits of Relator's claims here.

The United States' Declination Notice makes no representation whatsoever regarding the merits of Relator's FCA, AKS, or Stark allegations. *See* ECF No. 24. Nor does the Notice identify any specific finding resulting from the United States' investigation. *Id*. The Notice provides only that the United States decided not to intervene in this *qui tam* action. *Id*.

There are numerous reasons that the United States might decline to intervene in a *qui tam* that have nothing to do with the merits of the allegations. As the Fifth Circuit explained in *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, Section 3730 of the FCA "does not require the government to [intervene in a *qui tam*] if its investigation yields a meritorious claim. Indeed, absent any obligation to the contrary, [the government] may opt out for any number of reasons." 417 F.3d 450, 455 (5th Cir. 2005); *see also, e.g., United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) ("In any given case, the government may have a host of reasons for not pursuing a claim."); *United States ex rel. Chandler v. Cook County Ill.,* 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd* 538 U.S. 119 (2003) ("There is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits."). For example, the government may decline to intervene when it has a reason to believe that its "limited prosecutorial resources" would be better expended elsewhere. *Chandler*, 277 F.3d at 974 n.5. Because of the myriad possible reasons the government may decline to intervene in any particular *qui tam* action, the mere fact of declination cannot support the conclusion that the violations alleged by a relator are without merit.

Assigning probative weight to the government's decision would also be

inconsistent with the statutory scheme set forth by Congress in the FCA, which gives relators the right to conduct the actions if the United States declines. *See* 31 U.S.C. § 3730(b)(1), (c)(3), (d); *see also United States ex rel. Prather v. Brookdale Senior Living Communities, Inc.*, 892 F.3d 822, 836 (6th Cir. 2018) ("[T]he False Claims Act is designed to allow relators to proceed with a *qui tam* action even after the United States has declined to intervene. If relator's ability to plead sufficiently . . . were stymied by the government's choice not to intervene, this would undermine the purposes of the Act." (internal citations omitted)).

For these reasons, the fact that the United States did not intervene in this *qui tam* action should not give rise to any inference whatsoever regarding the merits of Relator's allegations.

### 2. The Court should evaluate the sufficiency of Relator's AKS allegations under the well-established "one purpose" standard.

The AKS prohibits the offering or paying of remuneration even if "only one purpose" was to induce referrals of federal health care program business. *United States ex rel. Ruscher v. Omnicare, Inc.*, 663 F. App'x 368, 374 (5th Cir. Oct. 28, 2016). In the Motion, Defendants acknowledge that "[o]nly 'one purpose' of the payment must be to induce the referrals, *i.e.*, to exercise influence over the reason or judgment of another in an effort to cause the referral." Motion at 8 (quoting *United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000) (citing *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998))). Elsewhere, however, Defendants seem to suggest that Relator must meet a higher standard to avoid dismissal of the AKS claims. Specifically, Defendants assert

that the Court must "believe that 100% of the payments" at issue were "made by [Defendants] for the ***sole and unequivocal*** purpose of inducing ***each and every***" referral. Motion at 9 (emphases in original).[2] The AKS requires no such showing. *See, e.g., Davis*, 132 F.3d at 1094; *McClatchey*, 217 F.3d at 835 (both rejecting the position that a defendant's sole motivation in making payments must be to induce referrals). The United States requests that the Court apply the well-established "one purpose" standard to assess the sufficiency of Relator's AKS allegations.

## II.     Conclusion

The United States respectfully requests that the Court take notice of the United States' views expressed in this Statement of Interest when considering the arguments regarding the government's non-intervention and the appropriate intent standard for AKS violations. The United States otherwise takes no position on Defendants' Motion, Relator's Complaint, or the sufficiency of Relator's allegations under Rules 8 and 9 of the Federal Rules of Civil Procedure.

---

[2] While unclear, Defendants may have intended to attack the plausibility of Relator's allegations only. Without clarification, however, Defendants' assertion suggests that the Court apply an AKS standard that is at odds with well-established precedent.

**United States' Statement of Interest– Page 5**

Respectfully submitted,

CHAD E. MEACHAM
United States Attorney

*/s/ Andrew S. Robbins*
ANDREW S. ROBBINS
Assistant United States Attorney
New York Bar No. 4836508
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8600
Facsimile:   214-659-8807
andrew.robbins@usdoj.gov

Attorneys for the United States of America

Certificate of Service

On July 29, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrew S. Robbins*
ANDREW S. ROBBINS
Assistant United States Attorney