IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the State of OKLAHOMA, ex rel. MICHAEL CARTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:19-cv-01238-E |
| EMERGENCY STAFFING SOLUTIONS, INC. and HOSPITAL CARE CONSULTANTS, INC., | § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

By an electronic order of reference (ECF No. 191), before the Court for determination is Relator's Motion for Privacy Act Order (ECF No. 186). Therein, Relator makes two requests: one for issuance of an order authorizing the U.S. Department of Health and Human Resources, Centers for Medicare & Medicaid Services (CMS) to release documents that may contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the other for entry of a Privacy Act protective order, a proposed version of which Relator attaches to the motion. As set forth below, the motion is **GRANTED**.

### **Background**

Relator Michael Carter—a hospital administrator—brought this qui tam suit alleging violations of the False Claims Act, Anti-Kickback Statute, Stark Law, and Oklahoma False Claims Act. *See generally* Compl., ECF No. 2. Defendant

1

Emergency Staffing Solutions, Inc. (ESS) is medical management and physician staffing company that contracts with rural and suburban hospitals to provide physicians and boost revenue. *Id.* ¶ 12. Carter alleges that Defendant Hospital Care Consultants, Inc. (HCC) is an alter-ego corporation of ESS and operates the "hospitalist" arm of Defendants' operation. *Id.* ¶ 13. As previously summarized at an earlier procedural stage:

> The gravamen of the Complaint is that ESS and HCC operate an illegal kickback scheme in which they incentivize physicians to refer and admit patients to inpatient care. Carter alleges that this scheme violates the Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the Stark Law, 42 U.S.C. § 1395nn. Carter alleges that Defendants caused hospitals to submit legally false Medicare and Medicaid claims by falsely certifying compliance with these laws, which constitute false claims under the False Claims Act. 31 U.S.C. §§ 3729-3733.

Mem. Op. & Order, ECF No. 62. The United States of America declined to intervene after an investigation into Carter's allegations. *See* Notice of Declination, ECF No. 24. All nine states named as plaintiffs also declined to intervene.

Pursuant to the Amended Scheduling Order, the deadline for completion of discovery was April 15, 2024. Am. Sch. Order, ECF No. 95. The Court has issued numerous orders resolving the parties' discovery disputes, including most recently in June 2024, when the undersigned issued an order resolving the parties' disputes concerning various document requests. *See* Discovery Order 2, ECF No. 174.

The present dispute also concerns document requests, however, this time the requests are directed to CMS, a non-party. Relator served CMS with a *Touhy*

Request Letter¹ on February 16, 2024, requesting documents detailing the claims ordered, referred, or approved by Defendants' contract physicians at seven hospitals in Oklahoma. *See* Relator's App. to Mem. in Support of Mot. for Entry of Privacy Act Order ("Relator's App.") at Ex. A, ECF No. 188 at 3-14 (*Touhy* Request Letter). He also served CMS with a Subpoena on February 16, 2024, requesting the same documents. *See id.* at Ex. B, ECF No. 188 at 16-32 (Subpoena). CMS has agreed to produce the requested documents but asked Relator to obtain a court order pursuant to the Privacy Act covering the production of those documents. *See id.* at Ex. C, ECF No. 188 at 13-14.

Relator asks the Court to authorize CMS's disclosure (and Relator's receipt) of these previously requested documents and to execute a proposed Privacy Act protective order attached to his motion.²

---

¹ Under the federal "Housekeeping Statute," 5 U.S.C. § 301, a federal agency may adopt procedures—*Touhy* regulations—for responding to subpoenas and other requests for testimony or documents. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The United States Department of Health and Human Services which includes the Centers for Medicare and Medicaid Services, has established such *Touhy* procedures, codified in 45 C.F.R. Part 2.

² The Certificate of Conference indicates that Defendants object to Relator's motion on the basis that discovery is closed. *See* Mot. 3. It is unclear whether Defendants have standing to object to the non-party subpoena to CMS. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that a litigant "cannot rest his claim to relief on the legal rights or interests of third parties"); *see also MC Trilogy Texas, LLC v. City of Heath, Texas*, 2024 WL 201365, at *2 (N.D. Tex. Jan. 18, 2024) (citation omitted) (setting forth limits on a party's standing to quash a subpoena served on a non-party under Rule 45). It appears, therefore, that Defendants do not have standing to object to the motion. They have not asserted any privilege or proprietary interest in the documents sought. In any event, Relator sought the documents from CMS prior to the close of discovery. As such, the Court finds Defendants' objection to be without merit.

3

## **Legal Standard**

The Privacy Act "broadly regulates the executive branch's handling of the private information of individuals when it is contained within a system of records," *Duggan v. Dep't of Air Force*, 617 F. App'x 321, 323 (5th Cir. 2015), and safeguards against "unwarranted . . . use and dissemination of [such] information," *Jacobs v. Nat'l Drug Intel. Ctr.*, 423 F.3d 512, 515 (5th Cir. 2005) (internal quotes and citation omitted). Subject to certain enumerated exceptions, the Act provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless [one of the enumerated exceptions applies].

5 U.S.C. § 552a(b). Thus, the Act prohibits a federal agency from disclosing personal information contained in its records about its employees, absent employee consent, unless a specified exception applies. *N.L.R.B. v. U.S. Postal Serv.*, 128 F.3d 280, 282 (5th Cir. 1997).

One such exception is a disclosure made "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). "Neither the statute nor anything in its legislative history specifies the standards for issuance of such a court order." *Andreadakis v. McDonough*, 2021 WL 2444950, at *1 (W.D. Tex. June 15, 2021) (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)). "In any event, a party may invoke discovery of, and a federal agency may disclose during discovery, materials protected by the Act 'according to the usual discovery

4

standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the [Federal Rules of Civil Procedure].'" *Id.* (quoting *Laxalt*, 809 F.2d at 888).

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court.

> *Scope in General.* Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Although Rule 26(b)(1)'s discovery standard permits access to relevant documents protected by the Act, "the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." *Laxalt*, 809 F.2d at 889.

## **<u>Analysis</u>**

The substance of Relator's motion is straightforward. Relator seeks documents from CMS, and CMS requires a protective order under the Privacy Act, 5 U.S.C. § 552a, prior to producing those documents.

When applying the broad standard of relevance under Rule 26(b)(1), *supra*, the Court finds Relator entitled to a Privacy Act protective order for the documents requested from CMS. The requested documents are set forth in both the *Touhy*

5

Request Letter and the Subpoena, both of which have been submitted to the Court for review. *See* Relator's App. at Ex. A, ECF No. 188 at 3-14 (*Touhy* Request Letter); *id*. at Ex. B, ECF No. 188 at 16-32 (Subpoena). As the requested documents are the same in the *Touhy* Request Letter and the Subpoena, the Court will only address the Subpoena. The Subpoena requests documents detailing the claims ordered, referred, or approved by Defendants' contract physicians at seven hospitals in Oklahoma. *See* Relator's App. at Ex. B, ECF No. 188 at 24. Upon review, the Court finds that the documents requested are appropriately tailored to this Court's previous discovery orders and the Federal Rules. Specifically, the requested documents are relevant to the claims asserted and limited to the temporal and geographic confines of the Court's prior discovery orders.

## Conclusion

Based on the foregoing, Relator's Motion for Privacy Order (ECF No. 186) is **GRANTED**. It is therefore **ORDERED** that, for purposes of this litigation, CMS and its counsel are hereby **AUTHORIZED** to disclose and produce materials that are protected by the Privacy Act insofar as they are responsive to Relator's February 16, 2024 Subpoena. The Court will separately issue the Privacy Act protective order requested by Relator, but with certain modifications to reflect that the Court's ruling only pertains to those documents responsive to the February 16, 20204 Subpoena.

**SO ORDERED.**

December 4, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE